UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

NATHANIEL MAURICE SMITH,

                Plaintiff,

v.                                                  Case No. 19-cv-0262-bhl

MARK JENSEN, et al.,

                Defendants.

___

## DECISION AND ORDER

___

      Plaintiff Nathaniel Maurice Smith is representing himself in this 42 U.S.C. §1983 action. Discovery closed December 14, 2020; dispositive motions are due February 2, 2021. On January 27, 2021, more than a month after discovery closed, Smith filed a motion to compel Defendants' responses to his first request for admissions, request for documents, and first set of interrogatories. Dkt. No. 36. The Court will deny his motion.

      Civil Local Rule 37 requires that all motions to compel include "a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord." That is a long way of saying that, before filing a motion to compel, a party needs to first discuss his dispute with the opposing party's lawyer before asking the Court to get involved. And, if the parties cannot work out the dispute and a party files a motion to compel, the party must include proof in his motion that he first tried to work it out with the opposing party's lawyer. Parties are often able to resolve their disputes without the Court's help. Informal resolution without the Court's involvement saves both the Court and the parties time and resources.

      Smith did not comply with Local Rule 37, so the Court will deny his motion. Smith should contact Defendants' counsel (preferably by letter) to get a better understanding of why Defendants did not respond to his discovery requests. The Court notes, however, that Smith filed his discovery

requests with the Court, Dkt. Nos. 27, 28, 29, and it is unclear whether he also mailed them to Defendants' counsel. As the Court explained to Smith in the scheduling order:

> Under Federal Rule of Civil Procedure 5(d)(1), parties must serve discovery requests and responses—depositions, interrogatories, requests for documents or tangible things, and requests for admission—on the opposing party, and <u>must not file them with the court</u> unless and until a party wishes to use them to support a motion or other pleading, or unless the court orders a party to file them. <u>A plaintiff must mail these discovery requests and responses directly to counsel for the defendants</u>. *See* Fed. R. Civ. Pro. 5(b).

Dkt. No. 18 at 3 (emphasis in original). Accordingly, it may be that Defendants did not respond to Smith's discovery requests because he did not properly serve the requests. If Defendants did in fact receive a copy of the requests when they were filed, the Court would encourage them to respond, even if service was not technically correct.

If, after consulting with Defendants' counsel, Smith is unable to resolve his concerns and he continues to believe that he has grounds to request the Court's involvement, he may renew his motion. If he does so, he must detail why he believes he is entitled relief, what efforts he made to informally resolve his concerns before involving the Court, and why he waited so long after discovery closed to raise his concerns.

**IT IS THEREFORE ORDERED** that Smith's motion to compel (ECF No. 36) is **DENIED**.

Dated at Milwaukee, Wisconsin this 28th day of January, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge